CIVIL ACTION NO. 19-CI-_____                    WARREN CIRCUIT COURT
                                                   DIVISION _____

*(Electronically Filed)*

JOHN R. BOUSTANI                                                      PLAINTIFF

VS.                              **COMPLAINT**

GENERAL MOTORS, LLC                                                  DEFENDANTS
    **Please Serve:**   Corporations Service Company
                      Registered Agent
                      421 West Main St.
                      Frankfort, KY 40601

And

BRIAN PALMER
    **Please Serve:**   Brian Palmer
                      3927 Cemetery Rd.
                      Bowling Green, KY 42103

    Comes the Plaintiff, John R. Boustani, by and through counsel, and for his cause of action against Defendants, states as follows:

    1.    That Plaintiff, John R. Boustani, was at all times relevant hereto a resident of Warren County, Kentucky.

    2.    That Defendant, General Motors, LLC, ("GM") is a foreign limited liability company with its principal office located at 300 Renaissance Center, Detroit, Michigan 48265, and is otherwise subject to the jurisdiction of this Court.

    3.    That Defendant, Brian Palmer, was employed by GM as the quality manager during the events which give rise to this Complaint, is a resident of Warren County, Kentucky, and is otherwise subject to the jurisdiction of this Court.

package : 000003 of 000009

Presiding Judge: HON. STEVE WILSON (608214)

COM : 000001 of 000007

## FACTUAL BACKGROUND

4. Plaintiff was employed with GM for approximately thirty-three (33) years and at the time of his termination, held the position of quality supervisor.

5. Plaintiff began working for GM in May, 1985 on the general assembly line of the Tarrytown, New York assembly plant.

6. During his tenure from 1985 to 1996 in Tarrytown, Plaintiff was promoted to body shop team leader, team leader, and to an inspector, and was not subjected to any disciplinary action.

7. In or around April, 1996, Plaintiff was transferred to the GM assembly plant in Doraville, Georgia.

8. During his tenure from 1996 to 2007 in Doraville, Plaintiff continued to work his way up the plant hierarchy, eventually being promoted to acting lead supervisor. Plaintiff was not the subject of any disciplinary action during his eleven (11) years at the Doraville plant.

9. In or around January, 2008, Plaintiff was transferred to the GM corvette assembly plant in Bowling Green, KY where he held positions of production supervisor, quality of operations supervisor, and quality supervisor.

10. Although primarily working in Bowling Green from 2008 to 2018, Plaintiff was also assigned brief stints at other locations. He spent five (5) months in Spring Hill, TN in 2015, four (4) months in Lordstown, OH in 2016, and four (4) months in Wentzville, MO in 2017. Plaintiff had no disciplinary issues while assigned to any of the aforementioned locations.

11. Prior to his relocation to Bowling Green, Plaintiff was consistently promoted through the ranks, was recognized and praised by all levels of management for his dedication, and despite managing teams of up to one hundred (100) employees, never received any complaints.

12. Upon arrival at the Bowling Green plant, Plaintiff was under the supervision of Tony Lawson. While working under Lawson, Plaintiff was repeatedly harassed, cursed, and threatened with termination.

13. In an attempt to address the harassment and hostile work environment, Plaintiff called the anonymous employee hotline, reported the behavior to the human resources manager, and contacted the plant manager directly. Despite these efforts, there was no intervention and Plaintiff received no assistance.

14. Eventually, due to the amount of complaints, Lawson was transferred to the Wentzville assembly plant.

15. Next, Plaintiff became the subject of racial slurs, derogatory remarks, and discriminatory conduct of the United Auto Workers ("UAW") union president, Eldon Renault.

16. Renault made numerous inappropriate racist remarks including, telling the Plaintiff to "go make a bomb somewhere."

17. Renault was terminated due to his misconduct and racial discrimination only to be reinstated approximately six (6) months later. Upon his return, Renault was assigned a work station in close proximity to Plaintiff's, seemingly to ensure that Plaintiff was aware of his return.

18. Notwithstanding the harassment of Lawson and Renault, Plaintiff maintained a good working relationship with quality manager, Steve Grilli. Plaintiff's

package : 000005 of 000009
Presiding Judge: HON. STEVE WILSON (608214)
COM : 000003 of 000007

work was appreciated by Grilli and he was not subject to any disciplinary action while under Grilli's supervision.

19. Upon Grilli's retirement, he was replaced by Brian Palmer as the quality director in the plant and became Plaintiff's supervisor.

20. From the first day on the job, it became clear that Palmer disliked Plaintiff. Palmer treated Plaintiff as if he were incompetent because of his Lebanese accent.

21. Palmer made numerous derogatory comments regarding Plaintiff's speech and accent. When trying to have a conversation regarding a work related matter, Palmer would tell Plaintiff he needed to learn to "speak English." In addition, Palmer would tell Plaintiff to "go back and learn how to speak and pronounce cat, dog, and mouse."

22. In or around early March, 2018, Plaintiff reported Palmer's harassment to the labor relations board. Approximately two (2) weeks later, Plaintiff was terminated despite being eight (8) months from eligibility for full retirement benefits.

23. On March 15, 2018, GM delivered a letter to Plaintiff alleging that he was terminated due to "creating a hostile work environment by engaging in aggressive behavior by yelling repeatedly, pointing [his] finger, and threatening to fire [an employee]." Plaintiff vehemently denied the events described in the letter.

24. On or around March 21, 2018, Plaintiff appealed his termination through GM's "open door policy." The appeal was denied.

25. In September, 2018, Plaintiff filed a charge of discrimination with the Kentucky Commission on Human Rights. An investigation ensued and a right to sue letter was issued on November 7, 2018.

Filed          19-CI-00137   01/30/2019          Brandi Duvall, Warren Circuit Clerk

### COUNT I: VIOLATION OF KRS CHAPTER 344, ET AL.
### (KENTUCKY CIVIL RIGHTS ACT)

26. That Plaintiff reiterates and reaffirms the allegations in Paragraphs 1-25 herein above and further states:

27. That at all times relevant herein, GM was an employer as defined by the Kentucky Civil Rights Act.

28. That at all times relevant herein, Palmer was the supervisor of the Plaintiff.

29. That Plaintiff was subjected to discriminatory conduct as a result of his national origin.

30. That as a result of the discriminatory conduct and harassment and/or the reporting of same, Plaintiff's employment was wrongfully terminated.

31. That as a result of Defendants' conduct, Plaintiff has suffered emotional distress, humiliation, embarrassment, past and future lost earnings, loss of retirement benefits, and loss of fringe benefits, all in excess of this court's jurisdictional minimum.

32. That Plaintiff is entitled to his attorney's fees pursuant to KRS 344.450.

### COUNT II: OUTRAGEOUS CONDUCT/INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS

33. That Plaintiff reiterates and reaffirms the allegations in Paragraphs 1-32 herein above and further sates:

34. That Defendant Palmer's actions while supervising Plaintiff were intentional and reckless.

35. That Defendant Palmer's conduct in the nature of continuous derogatory treatment of Plaintiff do to his ethnicity and retaliatory, vindictive actions were

outrageous and intolerable in that they offend against the generally accepted standards of decency and morality.

36. That as a result of Defendant Palmer's outrageous and intolerable conduct, Plaintiff has and continues to suffer from severe emotional distress and is entitled to damages in an amount in excess of this court's jurisdictional minimum.

37. That Plaintiff is further entitled to punitive damages as a result of Defendants' willful, oppressive, malicious, and/or grossly negligent conduct.

### COUNT III: DEFAMATION

38. That Plaintiff reiterates and reaffirms the allegations in Paragraphs 1-37 herein above and further sates:

39. That on or around March 15, 2018, GM and Palmer maliciously communicated false statements, including, but not necessarily limited to, the statement that Plaintiff was terminated for creating a hostile work environment by engaging in aggressive behavior.

40. That as a result of Defendants' false statements, Plaintiff's reputation in a professional capacity has been harmed and he is entitled to damages in an amount in excess of this court's jurisdictional minimum.

41. As a further result of Defendants' false statements, Plaintiff has suffered severe emotional distress, humiliation, and embarrassment.

42. That Plaintiff is entitled to punitive damages as a result of Defendants' willful and malicious conduct.

Filed          19-CI-00137     01/30/2019          Brandi Duvall, Warren Circuit Clerk

WHEREFORE, the Plaintiff, John R. Boustani, prays for an entry of judgment as follows:

1. For a judgment against Defendants, jointly and severally, for compensatory damages;
2. For punitive damages;
3. For a trial by jury;
4. For his costs and attorney's fees expended; and
5. For any and all other relief to which Plaintiff may be entitled.

This 30th day of January, 2019.

> HON. T. BRIAN LOWDER
> LOWDER & MCGILL, PLLC
> 537 EAST 10TH AVE., STE. 200, P.O. BOX 900
> BOWLING GREEN, KY 42102-0900
> TEL: (270) 842-3924  FAX: (270) 282-2085
> brian@lowdermcgill.com
>
> BY: /s/T. Brian Lowder
>     Attorney for Plaintiff

package : 000009 of 000009
Presiding Judge: HON. STEVE WILSON (608214)
COM : 000007 of 000007

**Lowder McGill** PLLC
T. Brian Lowder
PO Box 900
Bowling Green, KY
42102-0900

CERTIFIED MAIL®

7015 0640 0004 9835 3216



$7.45
US POSTAGE
FIRST-CLASS
062S0007481211
42101

Corporations Service Company
Registered Agent
421 West Main St.
Frankfort, KY 40601

7015 0640 0004 9835 3216